| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>-----------------------------------------------------------x<br><br>HENRY C. LATHAM,<br><br>                Plaintiff,<br><br>       -versus-<br><br>TYSON,<br><br>                Defendant.<br>-----------------------------------------------------------x<br><br>HENRY C. LATHAM,<br><br>                Plaintiff,<br><br>       -versus-<br><br>SAINT MARY HOSPITAL; GERALDINE<br>LATHAM,<br><br>                Defendants.<br>-----------------------------------------------------------x | NOT FOR PUBLICATION<br><br><br>MEMORANDUM AND ORDER<br>12-CV-4691<br><br><br><br><br><br><br><br><br>12-CV-4692 |

JOHN GLEESON, United States District Judge:

       *Pro se* plaintiff Henry C. Latham filed these actions on September 14, 2012. I consolidate these actions and grant his requests to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order. Because I am unable to determine what claim he is advancing in either action, I dismiss the complaints without prejudice.

A.    *Discussion*

       Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A *pro se* complaint, however, "must be held to less stringent

1

standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted), and this Court must liberally construe a *pro se* plaintiff's pleadings and interpret his complaint to raise the strongest arguments it suggests. *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial. Although courts must give *pro se* pleadings a liberal construction, "the basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike." *Wynder v. McMahon*, 360 F.3d 73, 79, n.11 (2d Cir. 2004).

Construing Latham's complaints liberally, I find that they fail under Rule 8 because both complaints are both illegible and unintelligible.[1] If a *pro se* complaint does not comply with the requirements of Rule 8, a court may dismiss the complaint "on its own initiative." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Dismissal for non-compliance with Rule 8 is appropriate here because the complaint is "so confused . . . [or] otherwise unintelligible that its true substance, if any, is well disguised." *Id.* (citation omitted); *see also*

---

[1] Latham is a prolific litigant who has filed numerous incomprehensible complaints in this Court. *See, Latham v. Latham*, No. 12 Civ. 4561 (dismissed on September 19, 2012); *Latham v. Transit Adjudicate*, No. 11 Civ. 4183 (dismissed on Oct. 6, 2011); *Latham v. Fitzgerald*, No. 11 Civ. 4728 (dismissed on Oct. 6, 2011); *Latham v. Father Pat Fitzgerald St. Frances 31 St. NYC*, No. 11 Civ. 4386 (dismissed on Sept. 29, 2011); *Latham v. Latham*, No. 11 Civ. 4582 (dismissed on Sept. 29, 2011); *Latham v. Latham*, No. 11 Civ. 4219 (dismissed on Sept. 1, 2011); *Latham v. 29 Gallatin Place Brooklyn*, No. 11 Civ. 2726 (dismissed on June 13, 2011); *Latham v. 800 Poly Place*, No. 10 Civ. 5697 (dismissed on Dec. 17, 2010); *Latham v. Latham*, No. 10 Civ. 3915 (dismissed on Dec. 14, 2010); *Latham v. John*, No. 10 Civ. 3445 (dismissed on Aug. 26, 2010); *Latham v. N.Y. Harbor*, No. 10 Civ. 2768 (dismissed on Aug. 26, 2010); *Latham v. Transit Auth. Civil Gov't*, No. 10 Civ. 2047 (dismissed on July 26, 2010); *Latham v. John*, No. 09 Civ. 3398 (dismissed on Aug. 20, 2009); *Latham v. Transit Auth. Civil*, No. 09 Civ. 1009 (dismissed on July 16, 2009); *Latham v. Civil Gov't Transit Bldg.*, No. 08 Civ. 2522 (dismissed on July 17, 2008); *Latham v. VA Outpatient Hosp.*, No. 06 Civ. 6758 (dismissed on Jan. 11, 2007); *Latham v. Kingsboro Psychiatric Ctr.*, No. 06 Civ. 1140 (dismissed on April 10, 2006); *Latham v. N.Y. Psychotherapy*, No. 04 Civ. 2945 (dismissed on Sept. 3, 2004); *Latham v. Iappil*, No. 02 Civ. 2523 (dismissed on June 27, 2002).

*Iwachiw v. New York State Dep't of Motor Vehicles*, 396 F.3d 525, 527-28 (2d Cir. 2005) (affirming dismissal of a *pro se* complaint because unintelligible).

B.  *Conclusion*

   The complaints are dismissed without prejudice pursuant to 28 U.S.C. 1915(e)(2)(B).  *In forma pauperis* status is denied for purpose of an appeal because any appeal from this order would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).

   So ordered.

                      _____
                      JOHN GLEESON, U.S.D.J.

Dated: November 13, 2012
    Brooklyn, New York